**Marc KRAMER, a Personal Representative, et al., Plaintiffs/Appellants,**

v.

**Harvey SCHRAMM, Defendant/Respondent.**

**No. ED 78882.**

Missouri Court of Appeals, Eastern District. Division Three.

Nov. 6, 2001.

Stuart Oelbaum, St. Louis, for appellant.

Terrance J. Good, St. Louis, for respondent.

Before RICHARD B. TEITELMAN, P.J., GARY M. GAERTNER, J., and CLIFFORD H. AHRENS, J.

*ORDER*

PER CURIAM.

Frieda Schramm [1], Larry Schramm, and Marc Kramer (hereinafter collectively known as "plaintiffs") filed suit against Frieda's son, Harvey Schramm, to set aside a trust and gifts she transferred to Harvey.[2] The trial court found that there was no undue influence over Frieda for the disputed transfers to Harvey. Plaintiffs now appeal claiming the trial court erred in (1) failing to find undue influence was rebutted; (2) finding, against the weight of the evidence, that Frieda intended to make gifts to Harvey; and (3) in failing to reverse its judgment or grant a new trial because of Harvey's failure to produce certain videotapes for discovery. We affirm.

We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

"To set aside a gift on the ground of undue influence, it must be shown that, at the time of gifting, the donor was acting under such force, coercion or overpersuasion that his free will was destroyed." *Strauser v. Dayton*, 762 S.W.2d 862, 865 (Mo.App.1989). Although the evidence was conflicting, there was evidence before the trial court, including the deposition testimony of Frieda, that at the time the gifts were made to Harvey, Frieda intended to make the gifts and that Harvey did not coerce her. On conflicting evidence, the trial court specifically found there had been no undue influence exerted on Frieda. We conclude there is substantial evidence to support the judgment and it is not against the weight of the evidence.

Additionally, we find that plaintiffs did not suffer any prejudice from the failure of Harvey to produce all the videotapes, be-

---

1. Frieda Schramm died before trial, and the personal representative of her estate, Marc Kramer, was substituted as a plaintiff.

2. We use first names to distinguish the individual family members, and by such use, we mean no disrespect to any of the parties.

cause the contents of the multiple video-tapes were contained in the single tape produced during discovery. Moreover, plaintiff made no request at trial for any relief concerning the videotape.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b). Respondent's motion to strike appellant's brief and to dismiss appeal is denied.